﻿Citation Nr: 18124185
Decision Date: 08/07/18 Archive Date: 08/06/18

DOCKET NO. 14-32 654
DATE: August 7, 2018
ORDER
Entitlement to service connection for endometriosis is granted.
FINDING OF FACT
The record evidence is at least in relative equipoise as to whether the Veteran has a current diagnosis of endometriosis that began during active service.
CONCLUSION OF LAW
Resolving all reasonable doubt in the Veteran’s favor, the criteria for service connection for endometriosis are met. 38 U.S.C. §§ 1110, 1131, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.303(a) (2017).
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran served on active duty from July 2001 to September 2010. 
This appeal to the Board of Veterans’ Appeals (Board) arose from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).
The Veteran was scheduled for a Board hearing in September 2014 but was deemed a no show. To date, the Veteran has not requested that the hearing be rescheduled. Therefore, the Board finds the Veteran’s request for a hearing to be withdrawn. 38 C.F.R. § 20.702 (d) (2017).
Service Connection
Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303 (a). 
Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff’d per curiam, 78 F.3d 604 (Fed.Cir.1996) (table); see also Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303. 
Certain chronic diseases are subject to presumptive service connection if manifest to a compensable degree within one year from separation from service even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1112, 1113; 38 C.F.R. §§ 3.307 (a)(3), 3.309(a). While endometriosis is not a listed chronic disease for purposes of presumptive service connection, evidence of continuous symptoms since active duty is a factor for consideration as to whether a causal relationship exists between an in-service injury or incident and the current disorder as is contemplated under 38 C.F.R. § 3.303 (a).
In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the Veteran. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.
The Veteran contends that service connection is warranted for endometriosis.
The question for the Board is whether the Veteran has a current diagnosis of endometriosis that began in service or is otherwise related to an in-service injury or disease.
An April 2010 service treatment record reveals a complaint of pelvic pain and a history consistent with endometriosis. A June 2010 service treatment record reveals a past medical history of endometriosis, as well as a notation of endometriosis in scar in the problem list of conditions. Additionally, there are numerous notations of ongoing pelvic pain and discomfort, which the Veteran reported following in-service laparoscopic surgery in November 2008. 
The Veteran was afforded a VA examination in February 2011. The Veteran reported that she had endometriosis and that it had its onset during service. Upon examination, the examiner stated that the Veteran never had a biopsy diagnosis and did not have endometriosis.
A March 2012 private treatment record reveals that there was no evidence of endometriosis observed prior to a laparoscopy and laparoscopic cystectomy. There was a notation of a history of right-sided pelvic pain. In a May 2012 postoperative report, a diagnosis of endometriosis was rendered as well as a history of endometriosis noted.
Regarding lay statements, the Veteran reported that her continuing pelvic pain is the result of endometriosis in the scar tissue resulting from an in-service surgical procedure performed in November 2008. She stated that the continuation of pain persisted following the surgery and evolved without treatment.
In this case, the Board determines that service connection should be granted. Specifically, the evidence of record includes a private opinion, two years following service, noting a diagnosis of endometriosis. Moreover, the May 2012 physician noted that a continuity of symptomatology as the Veteran’s in-service and post-service treatment records document that the Veteran reported symptoms consistent with endometriosis. The diagnosis and notation of a history of endometriosis, a notation of endometriosis in service and numerous in-service complaints, provided in conjunction with credible statements made by the Veteran indicates that she had continuing symptoms of endometriosis since service.
Under the benefit of the doubt rule, where there exists “an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter,” the Veteran shall prevail upon the issue. Ashley v. Brown, 6 Vet. App. 52, 59 (1993); see also Massey v. Brown, 7 Vet. App. 204, 206-207 (1994). In this case, the Board finds that, at the very least, a state of relative equipoise has been reached as to the etiology of the Veteran’s endometriosis. As such, service connection is warranted.
 
DEBORAH W. SINGLETON
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Tiffany N. Hanson, Associate Counsel